UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
THOMAS BEAUVAIS,              )
                              )
      Plaintiff               )
                              )
v.                            )     Civil Action No.
                              )
NELSON, WATSON &              )
ASSOCIATES, LLC,              )
                              )
      Defendant               )
_____)
```

### COMPLAINT
### JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides in this District and the events giving rise to this action occurred here.

### PARTIES

3. Plaintiff, THOMAS BEAUVAIS, is an individual consumer residing in Melrose, Middlesex County, Commonwealth of Massachusetts.

4. Defendant, NELSON, WATSON & ASSOCIATES LLC., is a corporation duly organized under the laws of MASSACHUSETTS, and has its principal place of business at 80 Merrimack Street Lower Level, Haverhill, Massachusetts.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates paragraphs 1 through 8.

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant sought to collect a consumer debt from Plaintiff and called Plaintiff numerous times in an effort to collect said debt from in or around October 2011 to November 2011.

12. Defendant left the following message on Plaintiff's voice mail on his cellular telephone on or about the date stated:

<u>November 1, 2011 at approximately 4:18 p.m. - Cellular Phone</u>

This message is for Thomas Beauvais. Thomas, my name is Jennifer Holland. I need a return phone call as soon as you receive this message. My number is 888-295-2430. My extension is 2265. Thank you.

13.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

14.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

15.     Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

16.     Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

17.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

18.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act;

  b. Statutory damages pursuant to 15 U.S.C. section 1692k;

  c. Attorney's fees, litigation expenses and costs of suit; and

  d. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act.

    b. Statutory damages pursuant to 15 U.S.C. section 1692k;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## COUNT III
## HARASSMENT OR ABUSE IN VIOLATION OF 15 U.S.C. § 1692d(5)

25. Plaintiff incorporates paragraphs 1 through 24.

26. Defendant caused Plaintiff's phone to ring incessantly in a manner intended to annoy, abuse or harass Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory damages for each violation of the TCPA;

    b.    Statutory damages for each knowing or willful violation of the TCPA;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this __3___ day of December, 2011.

                            CHRISTIAN A. GONSALVES, ESQ.
                            Attorney for Plaintiff
                            Post Office Box 110
                            East Boston, MA 02128
                            Telephone: 617-970-1301
                            Facsimile: 617-207-4349
                            Email: gonsalveslaw@gmail.com

                            By: /s/ Christian A. Gonsalves
                                Christian A. Gonsalves, BBO# 648326